# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 6397 | **DATE** | 5/28/2003 |
| **CASE TITLE** | Arlene Otis vs. Jim Ryan et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion to dismiss of defendants Linda Baker, in her official capacity as Director of the Illinois Department of Human Services, Jackie Garner, in her official capacity as Director of the Illinois Department of Public Aid, and Lisa Madigan, in her official capacity as Attorney General [11-1], [12-1], [21-1]. Plaintiff's complaint is hereby dismissed in its entirety, and this case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 2 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 26 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARLENE OTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 6397 |
| | ) |
| JIM RYAN[1] in his Official Capacity as | ) Wayne R. Andersen |
| ATTORNEY GENERAL OF | ) District Judge |
| ILLINOIS; LINDA RENEE BAKER, in | ) |
| her Official Capacity as Director of the | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES; and JACKIE | ) |
| GARNER, in her Official Capacity as | ) |
| Director of the ILLINOIS | ) |
| DEPARTMENT OF PUBLIC AID, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants Linda Baker, in her official capacity as Director of the Illinois Department of Human Services, Jackie Garner, in her official capacity as Director of the Illinois Department of Public Aid, and Lisa Madigan in her official capacity as Attorney General of the State of Illinois, to dismiss the complaint of plaintiff Arlene Otis pursuant to Fed.R.Civ.P. 12(b)(1). For the following reasons, we grant the motion to dismiss.

## BACKGROUND

---

[1] Pursuant to Fed.R.Civ.P.25(d), when a public officer is a party to an action in his or her official capacity and during its pendency ... ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Lisa Madigan is thus substituted in this action for Jim Ryan, the former Attorney General.



In December 2000, pro se plaintiff Arlene Otis applied for state social service benefits and received an emergency award of food stamps. However, she did not immediately receive medical benefits. On January 3, 2001, plaintiff filed an action in federal district court against the Illinois Department of Human Services a\k\a Illinois Department of Public Aid for an emergency writ of mandamus seeking to compel immediate approval of medical benefits so she could visit a doctor and get access to insulin as soon as possible. *Otis v. Illinois Department of Human Services*, 01 C 37 (Judge Aspen, N.D. Ill.) (hereinafter referred to as "Otis I" or "the prior case").

In Otis I, the defendant filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's claim was barred by the Eleventh Amendment and that she had failed to exhaust her administrative remedies. Plaintiff's court-appointed attorney advised the Court that he would not contest defendant's motion and that plaintiff would instead pursue her administrative remedies. On April 4, 2001, the District Court entered a final order dismissing plaintiff's complaint for lack of subject matter jurisdiction.

Plaintiff then proceeded pro se and filed a motion to reinstate her case claiming that her court-appointed attorney did not have a basis to settle her case and that the Eleventh Amendment did not bar her claim. Thereafter plaintiff was arrested for unknown reasons. The court denied her motion to reinstate without prejudice and granted her leave to refile upon her release from jail. Plaintiff refiled her motion for reinstatement, and the Court denied plaintiff's motion.

Plaintiff then filed a motion for reconsideration of the motion for reinstatement. The District Court denied plaintiff's motion, and she appealed to the Seventh Circuit Court of

Appeals. On June 28, 2002, the Seventh Circuit issued its order affirming the judgment of the District Court.

Plaintiff then filed a pro se complaint in this Court on September 9, 2002 (hereinafter referred to as "Otis II" or the "present case") against Linda Baker in her official capacity as Director of the Illinois Department of Human Services, Jackie Garner in her official capacity as Director of the Illinois Department of Public Aid, and Lisa Madigan in her official capacity as Attorney General. In her complaint, plaintiff alleges that the "Illinois Department of Public Aid through its directors, officers, and policies has instituted a vendetta against the plaintiff and as part of that vendetta has consistently without basis in law or fact continuously denied plaintiff her rights under federal and state law." Plaintiff further alleges that the Department has consistently denied her medical benefits. Plaintiff alleges that her rights were violated under the Fifth and Fourteenth Amendments of the Constitution, Title XIX of the Social Security Act, Title VII, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and § 504 of the Rehabilitation Act. She also alleges that a "fraud" was committed on the Court in Otis I because the defendant provided false information.

Plaintiff admits that she received some welfare assistance benefits from the Illinois Department of Public Aid beginning in December 2000. Plaintiff claims, however, that the "Medicaid benefits" were not "delivered" and that her requests for an administrative hearing on this issue were ignored because, as she admits, the "benefits were never officially denied. . . ." Plaintiff also claims that the Illinois Department of Public Aid is collecting overpayments from her for excess public assistance benefits that she received in the 1980's even though she

claims she never received notice of the overpayment or the opportunity to appeal and go to hearing on the Department's overpayment determination.

In her current complaint, plaintiff requests an order requiring the defendants to turn her case file over to this Court, retroactive monetary relief for benefits for the period December 2000 through August 2001, and a court review of the method by which the defendants calculate benefits because plaintiff challenges their procedures, policies and administrative hearing practices.

Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction on the grounds that plaintiff's claims against the defendants for retroactive monetary relief and her claim under the ADA are barred by the Eleventh Amendment. Defendants also contend that plaintiff's claims in this action are barred by res judicata as they represent the same claim between the parties which reached final judgment in the prior case. Next, defendants argue that plaintiff lacks standing to challenge the Departments' administration and operation of the Medicaid program in the State of Illinois because she has not suffered an "injury in fact." Finally, defendants argue that plaintiff has failed to pursue or exhaust her administrative remedies with the Illinois Department of Public Aid or the Illinois Department of Human Services in regard to the public assistance benefits that she claims were delayed, terminated, changed or calculated incorrectly.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the case. We must view the plaintiff's allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). All well-pleaded facts

and allegations in the plaintiff's complaint must be taken as true, and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. *Ellsworth v. Racine*, 744 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

I. Res Judicata

The doctrine of res judicata prohibits parties from relitigating claims previously adjudicated. For res judicata to apply in federal court, three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995); *Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir.), *cert. denied, Energy Co-op., Inc. v. Phillips Petroleum Co.*, 484 U.S. 928 (1987) (citations omitted).

A. Identity of the Causes of Action

The standard for determining whether two claims are so closely related that they represent the same transaction for res judicata purposes is whether they arise out of the "same core of operative facts, same nucleus of operative facts" or "if they are based on the same or nearly the same factual allegations." *Hermann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993).

In plaintiff's first case (Otis I), she alleged that she applied for Medicaid benefits from the Illinois Department of Human Services. The Department approved her application for food stamp benefits, but her application for medical benefits was not approved on an immediate basis. The local office representative advised plaintiff that there was a thirty day period for processing medical benefits applications and that Illinois does not provide

emergency assistance. Plaintiff sought an injunction for retroactive Medicaid benefits from the date of her application forward.

In the present case now before the Court, plaintiff challenges the administration and the operation of the Medicaid program in Illinois and plaintiff requests that this Court enter an injunction requiring the "Department of Public Aid [to] reimburse plaintiff from Medicaid funds for health costs incurred between December 2000 and August 2001." Plaintiff has requested remedies which seek to compel the Illinois Department of Public Aid to pay her retroactive benefits.

Thus, both cases involve the same time period starting with the date she applied for Medicaid benefits, December 2000 to August 2001. The claims presented in both cases are the same because the central issue in each of them is whether plaintiff qualified for medical benefits from the date of her application in December 2000 forward. Plaintiff raises the same claims in this case as she did in her first case, and both cases are based on the same factual allegations. Thus, the facts which gave rise to plaintiff's first suit are the same core facts that now give rise to her present suit. Therefore, we find an identity of the causes of action for res judicata purposes.

The fact that she now brings additional claims against the defendants does not serve to save her suit. In her complaint currently pending before this Court, plaintiff attempts to allege additional causes of action under the Fifth and Fourteenth Amendments of the Constitution, Title XIX of the Social Security Act, Title VII, the Americans with Disabilities Act, 42 U.S.C. § 12132, § 504 of the Rehabilitation Act, and "fraud upon the court."

Res judicata operates not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised. *See, e.g., Golden,* 53 F.3d at 870. We find that these additional claims which plaintiff raises in this case are also barred by res judicata because they could have been raised in the prior suit. Even the "fraud upon the court" argument could have been presented in her motions to reinstate and reconsider in Otis I, but they were not. Because plaintiff had the opportunity in the prior litigation to bring these causes of action, the issues are barred from further litigation.

### B. Identity of the Parties or Their Privies

The second requirement of res judicata, identity of the parties, is also satisfied. In Otis I, plaintiff sued the Illinois Department of Human Services a/k/a Illinois Department of Public Aid seeking retroactive monetary relief relating to her Medicaid benefits. In this case, plaintiff sued the Director of the Illinois Department of Human Services in her official capacity, the Director of the Illinois Department of Public Aid in her official capacity, and Lisa Madigan in her official capacity as Attorney General of Illinois.

The Seventh Circuit has held that "privity is an elusive concept. It is a descriptive term for designating those with a sufficiently close identity of interests." *In the Matter of L & S Industries, Inc.,* 989 F.2d 929, 932-33 (7th Cir. 1993). Recently, the Seventh Circuit addressed the issue of privity in a case involving an injured police officer who applied for, and was denied, disability benefits by the Retirement Board of the Policeman's Annuity and Benefit Fund of the City of Chicago. The officer sought review of the Board's decision in the Circuit Court of Cook County. The Board's decision was reversed, but on appeal the Appellate Court affirmed the Board's decision denying the police officer disability benefits.

7

After the conclusion of the state court proceedings, the police officer filed suit in federal court claiming a deprivation of his due process rights by the Board and adding the Board members in their individual and official capacities as defendants. The district court dismissed the officer's complaint, and the Seventh Circuit affirmed on the grounds of res judicata concluding that a finding of privity was warranted because the police officer did not allege "any action [against the Board members] that is separate and distinct from any action taken by the Board." *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002). Indeed, the Seventh Circuit has recognized that for purposes of res judicata, a government and its officers are in privity. *Id.* at 667; *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983).

In this case, plaintiff's claims against the agency directors in their official capacities and the attorney general are barred by res judicata. The Agency Directors and the Attorney General are in privity with the Illinois Department of Public Aid and the Illinois Department of Human Services, the defendants in the first case, because plaintiff has not alleged any action by the Directors or the Attorney General that is separate and distinct from the action taken by the Agencies. Moreover, it is clear that the State of Illinois is the real party in interest in both lawsuits.

For these reasons, we find that the identity of the parties or their privies in Otis I and in this lawsuit is identical for res judicata purposes.

### C. Final Judgment on the Merits

The third requirement, final judgment on the merits, is also satisfied because a final judgment on the merits was rendered in Otis I. In that case, the defendant moved to dismiss the complaint for lack of subject matter jurisdiction because plaintiff's claim was barred by the

Eleventh Amendment and because she had failed to exhaust her administrative remedies. Plaintiff's court-appointed attorney advised the Court that plaintiff would not contest defendant's motion to dismiss and that she would instead pursue her administrative remedies. On April 4, 2001, the District Court entered a final order dismissing plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff proceeded pro se and filed a motion to reinstate her case claiming that her court-appointed attorney did not have a basis to settle her case and that the Eleventh Amendment did not bar her claim. Thereafter, plaintiff was arrested. The Court denied her motion without prejudice and granted her leave to refile upon her release from jail. After her release from jail, she refiled her motion for reinstatement and the defendant responded arguing that her motion failed to demonstrate mistake, inadvertence or excusable neglect. The District Court agreed with defendant's argument and again denied plaintiff's motion.

Subsequently, plaintiff filed a motion for reconsideration of the motion for reinstatement. The District Court denied plaintiff's motion, and she appealed. On June 28, 2002, the Seventh Circuit Court of Appeals issued its order affirming the judgment of the District Court. Thus, it is clear from the record that there was a final adjudication on the merits.

For these reasons, we find that plaintiff's complaint in this case is barred by res judicata.

II. Failure to Exhaust Administrative Remedies

In her complaint, plaintiff alleges that her Medicaid benefits allegedly were terminated, delayed, or calculated incorrectly and that the defendants have not properly administered the

9

Medicaid program in Illinois. Illinois has established an elaborate appeals procedure for denial of such benefits which culminates in the right of judicial review. See 305 ILCS § 5/11-8. The Illinois Department of Human Services and the Illinois Department of Public Aid provide a forum and procedure for challenging "decisions denying or terminating aid, or granting aid in an amount which is deemed inadequate . . ." through an administrative process. 305 ILCS 5/11-8. Applicants or recipients may appeal to the Department for a hearing on final agency decisions. *Id.*

In the administrative process that is set up to review decisions, hearings are held before hearing officers who have technical knowledge of the various program requirements as well as the applicable policies and procedures relating to the implementation of the programs. Applicants or recipients who seek to challenge agency action have the right to be present at the hearing, to be represented by counsel, and to present relevant evidence. 305 ILCS 5/11-8.1. If the final administrative decision is not favorable, the applicant or recipient may proceed to administrative review through the Circuit Court as set forth in the Administrative Review Act. 305 ILCS 5/11-8.7 and 735 ILCS 5/3-101 et seq.

In this case, while the complaint does allege that plaintiff may not have been given a full, fair hearing by the defendants, the complaint nevertheless fails to allege that the administrative review process was denied or even pursued or requested by plaintiff. Because plaintiff has failed to challenge or appeal any decision relating to her Medicaid benefits through the administrative process, she has failed to exhaust her administrative remedies. Therefore, her complaint must be dismissed.

Due to the fact that we have already found two valid and meritorious reasons for dismissing plaintiff's complaint, we need not address the remaining arguments presented in defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, we grant the motion to dismiss of defendants Linda Baker, in her official capacity as Director of the Illinois Department of Human Services, Jackie Garner, in her official capacity as Director of the Illinois Department of Public Aid, and Lisa Madigan, in her official capacity as Attorney General. Plaintiff's complaint is hereby dismissed in its entirety, and this case is terminated. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 28, 2003